# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Joseph Clark | Civil Action No. 6:18-cv-00058 |
| Versus | Unassigned District Judge |
| Lafayette Police Department et al | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Pending before the Court, on referral from the district judge, is a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by defendant Lafayette Police Department [Rec. Doc. 6], Plaintiff, Joseph Clark's, Memorandum in Opposition [Rec. Doc. 9] and the Lafayette Police Department's Reply [Rec. Doc. 13]. For the following reasons the Court will recommend that Defendant's Motion be granted.

## I BACKGROUND

Plaintiff filed this Complaint on January 17, 2018, naming as defendants the Lafayette Police Department ("LPD") as well as the Lafayette Chief of Police and two Lafayette Police Officers, individually and in their official capacities. Plaintiff alleges federal violations under 42 U.S.C. § 1983

1

and state law violations. On May 3, 2018, Defendant, LPD, filed the instant motion to dismiss all claims against it.

## II LAW AND ANALYSIS

Defendant contends that LPD lacks procedural capacity to be sued because it is not a separate legal entity, and therefore, no relief can be granted against it.[1] Defendant seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Complaint merely names the LPD as a "governmental agency." In opposition to Defendant's motion, Plaintiff argues that Defendant has offered nothing to substantiate its contention that LPD is not a juridical person and has not met its burden of proof entitling it to a dismissal. Plaintiff alternatively suggests, "in the event the Lafayette Police Department is not a juridical person, Plaintiff would voluntary [sic] agree to the substitution of the City of Lafayette for the Lafayette Police Department if that will solve the problem." *R. 9-1, p.2.*

---

[1] The Court notes that Defendant has attached to its motion an Affidavit of City-Parish President Joel Robideaux, dated May 4, 2016, which states, "That the Lafayette Police Department is merely a subdivision of the City of Lafayette and is not an autonomous, separate, independent or distinct body corporate but rather is merely an agency or division of the greater corporate juridical body, that being the City of Lafayette." *R. 6-3.*

2

### A. Legal Standard

Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued. However, "[f]ederal courts ... traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes" including motions raising a lack of capacity to sue or be sued. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d ed. 2004). Furthermore, "[t]he Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *Angers ex rel. Angers v. Lafayette Consol. Gov't*, 2007 WL 2908805, at *1 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991) (affirming that Pasadena Police Department had no jural existence and therefore was properly dismissed from suit)). Therefore, the Court will consider Defendant's Rule 12(b)(6) motion based on a lack of capacity to be sued.

### B. Discussion

Federal Rule of Civil Procedure 17(b)(3) provides, in pertinent part, that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Under the Louisiana Civil Code, there are two kinds of persons that are capable of being sued: natural persons and juridical

persons. *See* La. Civ. Code art. 24. Article 24 defines a natural person as "a human being" and a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." *Id*. Natural persons enjoy general legal capacity to have rights and duties, but juridical persons are "creature[s] of the law and by definition, [have] no more legal capacity than the law allows." *Angers ex rel. Angers v. Lafayette Consol. Gov't.*, 2007 WL 2908805, at *2. If a person is neither natural nor juridical, then it does not have procedural capacity to sue or be sued. *See Roy v. Alexandria City Council*, 984 So. 2d 191, 194 (La. App. 3 Cir. 5/7/08). "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope*, 2009 WL 959508, at *1 (E.D. La. 2009), (citing *City Council of Lafayette v. Bowen*, 649 So.2d 611 (La. App. 3 Cir. 1994)).

In Louisiana, "courts have consistently held that city councils, parish sheriff's offices, and city permit offices are not separate government units with the capacity to sue or be sued." *Urban Hous. of Am., Inc. v. City of Shreveport*, 2013 WL 587894, *4 (W.D. La. 2013) (citing *Bowen*, 649 So.2d at 616); *Roy*, 984 So.2d at 195; *Cozzo v. Tangipahoa Parish Council—President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Porche v. St. Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631 at 635 (E.D. La. 1999); *Angers ex rel. Angers*, 2007 WL 2908805 at *2; *Batiste v. Bonin*, 2007 WL 1791219 (W.D.

La. 2007). These divisions are branches or parts of the greater corporate body politic or juridical entity, i.e., the city itself, are not autonomous or self-governing legal entities, and therefore do not possess the capacity to be sued.

Likewise, municipal police departments are entities that lack such capacity. *See Brown v. City of Alexandria*, 2018 WL 2425097, at *1 (W.D.La., 2018) (holding that the Alexandria Police Department is not a juridical person capable of being sued). In prior litigation, it was determined that Lafayette's police department does not have the legal capacity to be sued. *Austin v. Oakes*, 2017 WL 3122606, at *2 (W.D.La., 2017); *Edmond v. Lafayette Consol. Gov't*, 2016 WL 3693653 at *2, (W.D. La., 2016); *Lavergne v. Lafayette City Police Dep't*, 2014 WL 931517, at *4 (W.D. La. 2014), *aff'd sub nom*, 591 Fed.Appx. 270 (5th Cir. 2015), *cert. dismissed*, 135 S. Ct. 2810 (2015), *reconsideration denied*, 136 S. Ct. 291 (2015); *Brown v. Lafayette City-Parish Consolidated Gov't., et al*, 2014 WL 1217960 (W.D.La., 2014) at *1; *Marceaux v. Lafayette Consol. Gov't*, 921 F. Supp. 2d 605, 624 (W.D. La., 2013); *Durall v. Lafayette Police Dept*., 2011 WL 6181387, at *1 (W.D.La., 2011); *Cormier v. Lafayette City Parish Consol. Government*, 2011 WL 5156862, at *3 (W.D. La., 2011) *rev'd on other grounds*, 493 Fed.Appx. 578 (5th Cir. 2012)); *Domingue v. Lafayette City Parish Consolidated Government*, 2008 WL 728654, at *5 n.

13 (W.D. La., 2008); *Batiste v. Bonin*, 2007 WL 1791219, at *4 (W.D. La., 2007).

Given the above jurisprudence, the Court finds that LPD is not a juridical entity susceptible of being sued and Plaintiff is not entitled to any relief against the LPD under the theories alleged in the Complaint.

## CONCLUSION

Based on the foregoing analysis,

IT IS RECOMMENDED that the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendant Lafayette Police Department [Rec. Doc. 6] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame

authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 22nd day of June, 2018 at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**