# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Joseph Clark | Civil Action No 6:18-Cv-0058 |
| Versus | Unassigned District Judge |
| Lafayette Police Department | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Pending before the Court, on referral from the district judge, is a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendants, Chief Toby Aguillard, individually and in his official capacity as chief of police of Lafayette City-Parish Consolidated Government ("LCG"), Officer Nick Bayard, individually and in his official capacity as a police officer for LCG, and Corporal Chris Cormier, individually and in his official capacity as a police officer for LCG (collectively referred to as "Defendants")[1] [Rec. Doc. 5], Plaintiff, Joseph Clark's, Memorandum in Opposition [Rec. Doc. 10] and Defendants' Reply [Rec. Doc. 16]. Also before the Court is an unopposed[2] Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Rec. Doc. 7]. For the following reasons the Court

---

[1] Plaintiff also named the Lafayette Police Department ("LPD") as a defendant. The LPD filed a separate motion to dismiss stating that the LPD is not a juridical person which can be sued [Rec. Doc. 6]. The Court issued a separate ruling recommending that the motion be granted and LPD be dismissed.

[2] Pursuant to LR 7.5, the deadline for filing any opposition to Defendants' motion was May, 25, 2018.

will recommend that Defendant's Motions be granted and Plaintiff's claims be dismissed with prejudice.

## I. BACKGROUND

Plaintiff alleges in his complaint that he was "wrongfully arrested and/or detained on or about June 12, 2015 for the crimes of Simple Battery, Possession of a Firearm by Convicted Felon and Aggravated Assault." *R. 1, ¶ 1*. According to the complaint, Plaintiff was driving along Ambassador Caffery Parkway northbound when he entered the inside turning lane in an attempt to turn left into a bank parking lot. *Id. at ¶ 20*. After doing so, a vehicle which had been closely following Plaintiff "pulled up next to him on his passenger side and the subjects inside began cursing at him and shooting him the bird." *Id*. The other driver then got out of his vehicle and continued screaming and cursing at Plaintiff. *Id*. At the same time, Morgan Breaux and Tyler Guidry were also traveling in the same direction on Ambassador Caffery. *Id. at ¶ 21*. According to Breaux and Guidry, Plaintiff's vehicle cut them off and a physical altercation ensued between Plaintiff and Guidry. *Id.*. Thereafter, Breaux and Guidry, reported to the Lafayette Police Department that that Plaintiff opened the trunk of his car, produced a "silver handgun and drove off." *Id. at ¶ 22*. Also, two "independent witnesses," Jason Satchell and Angela Satchell, stated that they filmed the incident on a cell phone. *Id. ¶ 23*.

In response to the witnesses' call, "Corporal Keith Deroche and Corporal Suire went to the registered address for the vehicle Joseph Clark was in and were unable to locate the vehicle or make contact with anyone." *Id. at ¶¶ 23, 24*. Corporal Deroche was advised by the Lafayette Police Communications that Plaintiff was a convicted felon. *Id. at ¶ 24.* The following day, Corporal Shannon Brasseaux advised Officer Bayard and Corporal Cormier to proceed to Plaintiff's residence and attempt to establish contact. *Id. at ¶ 25.* "Contact was made with Joseph Clark and Officer Bayard arrested Joseph Clark and booked him on unrelated warrants." *Id. at ¶ 25.* After the initial booking, Plaintiff was charged with Simple Battery, Possession of a Firearm by a Convicted Felon, and Aggravated Assault. *Id. at ¶ 26.* Plaintiff entered a plea of no contest to the charge of Simple Battery. The charges of Aggravated Assault and Possession of a Firearm by a Convicted Felon were dismissed and Plaintiff was placed on 12 month supervised probation by the court. *Id*.

The Plea Agreement related to Plaintiff's state court proceeding is contained in the record, Rec. Doc. 5-3, and states that on January 17, 2017, Plaintiff entered a plea of no contest ("*nolo contendere*") to the charge of Simple Battery and the charges of Aggravated Assault and Possession of a Firearm by Convicted Felon were dropped. *R. 5.3.*Contrary to the Plea Agreement, Plaintiff's allegations in his complaint state that he "attended a hearing on August 3, 2017, where he entered a

plea of no contest to Aggravated Assault" and "the charges of Simple Battery and Possession of a Firearm by a Convicted Felon were dismissed." Based on the undisputed public record of the Plea Agreement related to Plaintiff's *nolo contendere* plea, the Court finds that Plaintiff's contrary allegations are incorrect, *R. 1, ¶ 26*. The Court will therefore refer to the facts in the Plea Agreement throughout this ruling. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011) (it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record).

Plaintiff filed the instant action on January 17, 2018, asserting claims under 42 U.S.C. § 1983 for violation of his constitutional rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments. *R. 1, ¶¶ 33, 34.*  Plaintiff alleges that Officers Bayard and Cormier "acted on a hunch… with the goal of implicating [him] in a Firearm related felony crime" when they arrested and booked him on June 12, 2015. *R. 1, ¶¶ 2, 25*. He further alleges that the arrest was "on unrelated warrants," *id. at ¶ 25*, that Officers Bayard and Cormier "had no objective evidence to directly implicate [him] in the Possession of a Firearm by Convicted Felon," *id. at ¶ 29*, and that the "affidavit for warrantless arrest is devoid of any evidence that [he] was ever in possession of a firearm," *id. at ¶ 30*. Plaintiff further alleged that Chief Aguillard, individually and in his official capacity: (1) failed to adequately supervise Officers Bayard and Cormier; (2) failed to establish and/or maintain policies, procedures,

training and/or supervision of his officers; and (3) failed to promulgate proper policies and procedures which would assure that the employees of the Lafayette Police Department would adhere to proper standards. *Id at ¶ 32.* Finally, Plaintiff alleged Louisiana state law claims against Defendants for wrongful arrest, wrongful detention and malicious prosecution.

Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(6) contending that Plaintiff's claims are prescribed and/or barred by the *Heck* doctrine and/or fail to state a claim against Defendants.

## II. LAW AND ANALYSIS

### A.    Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. In *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007), the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'" *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Jefferson v. Lead Industries Ass'n, Inc*., 106 F.3d 1245 (5th Cir. 1997). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does 'not transform the motion into one for summary judgment.' " *Ricardo v. Bank of New York Mellon*, 2017 WL 3424975, at *3 (S.D.Tex., 2017) *quoting Funk v. Stryker Corp*., 631 F.3d 777, 780 (5th Cir. 2011).

**B.    Discussion**

Defendants contend that Plaintiff's § 1983 claims of false arrest and false imprisonment in violation of his Fourth and Fourteenth Amendment rights are prescribed. On that basis, they contend that Plaintiff's Louisiana state law claims of false arrest and false imprisonment are also prescribed. Defendants further contend that all of Plaintiff's § 1983 claims and his state law claims are barred by *Heck v. Humphrey*. In particular, Defendants assert that Plaintiff's malicious prosecution claim in violation of his Fourteenth Amendment rights fails as there is no such

federal claim to pursue. Finally, Defendants assert that Plaintiff has failed to state a claim against Chief Aguillard individually and in his official capacity under *Monell*.

The Court will first address the prescription issue.

## 1. *The Prescription Defense*

Although the length of the prescriptive period for a § 1983 claim is furnished by applicable state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (applying state personal injury statute of limitations to First Amendment retaliation claim). In Louisiana, personal injury claims are governed by Civil Code Article 3492, which provides for a one-year prescriptive period. Consequently, Louisiana's one-year prescriptive period governs Plaintiff's Section 1983 claims as well as Plaintiff's state-law claims. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

The date that a Section 1983 claim accrues is governed by federal law, however, not state law. Under federal law, the limitations period begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987). "There is a refinement to be considered, arising from the common law's distinctive treatment of the torts of false arrest and false

imprisonment . . . False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). A specific rule applies with regard to the commencement of the prescriptive period for a Section 1983 claim based on false arrest and imprisonment allegations. Such claims accrue "as soon as the allegedly wrongful arrest occurred, subjecting [the plaintiff] to the harm of involuntary detention," *Id*. at 388, and the limitations period begins to run "when the allegedly false imprisonment ends." *Id.* at 389. Or, as the Fifth Circuit has stated, "[i]n the context of ... a claim for ... wrongful arrest and confinement, it is a plaintiff's knowledge of those two events that triggers the limitations period." *Jacobsen*, 133 F.3d at 319.

In *Matthews v. City of Alexandria*, 2014 WL 3925191, at *2 (W.D. La. 2014), *report and recommendation adopted*, 2014 WL 3924638 (W.D. La. 2014), this district found that a Section 1983 claim for false arrest and false imprisonment accrued when the plaintiff was released from jail and prescribed one year later. *See also Dugas v. City of Ville Platte,* 2017 WL 6521660, at *2 (W.D. La., 2017), *report and recommendation adopted*, 2017 WL 6521148, at *1 (W.D. La., 2017); *Alexander v. Lafayette City Parish Consol. Government*, 2011 WL 1832616, at *4 (W.D. La. 2011), *report and recommendation adopted*, 2011 WL 1828379 (W.D. La. 2011). Here, Plaintiff alleges that his arrest for the incident at issue occurred on June 12, 2015. Plaintiff's complaint does not state when he was released from jail.

The record however indicates that Plaintiff was detained for two days and released on June 16, 2015.[3]  Plaintiff filed this action on January 17, 2018. *R. 1.* Therefore, in keeping with the jurisprudence cited above, this Court finds that Plaintiff's claims accrued when he was released from jail and prescribed one year later, June 16, 2016.

Because his § 1983 claims for false arrest are prescribed on the face of the complaint, Plaintiff has the burden of proving that his claims are not time-barred. *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So.3d 721, 726 (La. 2011). In his Opposition Memorandum Plaintiff argues that under the doctrine of "equitable tolling," he did not know or have reasons to know "of the injury which is the basis of the action and also when Plaintiff was in possession of the critical facts that he has been hurt and who inflicted the injury." *R. 10-1.* Plaintiff cites *Manuel v. City of Joliet*, 137 S. Ct. 911, 197 (2017) in support of his position that his claims accrued on the date that he pled no contest to one charge and his other charges were dismissed. *R. 10-1, p. 2.*

In *Manuel,* the Supreme Court stated,

[T]he Fourth Amendment prohibits government officials from detaining a person absent probable cause. And where legal process has gone forward, but has done nothing to satisfy the probable-cause requirement, it cannot extinguish a detainee's Fourth Amendment claim. That was the case here:

---

[3] Exhibit "B" attached to Defendants' Reply indicates that Plaintiff was detained on June 12, 2015 and released on June 14, 2015, 2 days later. *R.14-3.*The Court can consider such matters of public record without converting the motion into one seeking summary judgment. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780, 783 (5th Cir. 2011).

> Because the judge's determination of probable cause was based solely on fabricated evidence, it did not expunge Manuel's Fourth Amendment claim. For that reason, Manuel stated a Fourth Amendment claim when he sought relief not merely for his arrest, but also for his pretrial detention.

*Id* at pp. 917–919. The Court held, "Manual may challenge his pretrial detention on the ground that it violated the Fourth Amendment (while we leave all other issues, including one about that claim's timeliness, to the court below)." *Id.* Thus, *Manuel* holds that in a suit under 42 U.S.C. § 1983, the Fourth Amendment of the U.S. Constitution governs a claim for unlawful pretrial detention. Plaintiff does not explain how *Manuel* is applicable in this situation, but nothing in the complaint suggests that this case involves a prolonged detention claim as in *Manuel*. The Court agrees with Defendants that Plaintiff's reliance on *Manuel* is misplaced.

Plaintiff requests that the Court invoke its "equitable powers to allow the suit to proceed" subject to equitable tolling. The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The decision of whether to toll rests within the discretion of the district court. *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). The burden to prove that equitable tolling is warranted rests squarely on the party seeking to invoke tolling. *Id*. at 457. Furthermore, equitable tolling applies in "rare and exceptional circumstances," *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), principally where a plaintiff

"is prevented in some extraordinary way from asserting his rights," *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996), and the remedy is available only where a plaintiff "diligently pursues his or her rights." *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005). The Fifth Circuit has explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Farmer v. D & O Contractors, Inc.*, 640 Fed.Appx. 302, 305 (5th Cir. 2016) *citing Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Plaintiff fails to assert any facts to show grounds that such an extraordinary remedy is warranted.

Because the Court must apply Louisiana's statute of limitations, it should also give effect to any applicable Louisiana tolling provisions. *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Louisiana's general rule for tolling—referred to as *contra non valentem*—is that prescription is tolled or suspended when the plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will." *Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994). Louisiana's federal courts have, on numerous occasions, applied *contra non valentem* in Section 1983 cases. *See, e.g., Broussard v. Brown*, 599 Fed.Appx. 188 (5th Cir. 2015); *Hernandez v. Smith*, 2015 WL 9921067, at *3 (W.D. La. 2015), *report and recommendation adopted*, 2016 WL 356044 (W.D. La. 2016).

There are four factual situations in which *contra non valentem* prevents the running of the prescriptive period: (1) when a legal cause prevented the courts or court officers from taking cognizance of or acting on the plaintiff's action; (2) when a condition coupled with a contract or connected with the proceedings prevented the plaintiff from suing or acting; (3) when the defendant himself has done some act to prevent the plaintiff from availing himself of his cause of action; or (4) when the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance was not induced by the defendant. *Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 245 (La. 2010); *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788-89 (5th Cir.1993). The doctrine of *contra non valentem* specifically recognizes that "prescription does not run against a party who is unable to act." *Corsey v. State, Through Dept. of Corrections*, 375 So.2d at 1321. "*Contra non valentem* does not suspend prescription when a litigant is perfectly able to bring its claim, but fails or refuses to do so." *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002).

Plaintiff has offered no evidence whatsoever that would suggest he was unable to bring the suit on a cause of action which indisputably accrued two and one-half years before suit was actually filed, and there is no basis for applying equitable tolling or *contra non valentem*. Rather, the record provides that on January 17, 2017, Plaintiff had reached the point in negotiations wherein he made the decision to plead

*nolo contendere* and was convicted on the charge of Simple Battery in exchange for dismissal of the other two charges and the claims against his co-defendant. *R. 5-3.* The principles of equity, justice, and fairness that underpin the doctrine of *contra non valentem* are absent in this case. *Id.* Thus, the Court finds Plaintiff's Fourth and Fourteenth claims arising out of his arrest and subsequent imprisonment under § 1983 and Louisiana state law are prescribed.

Defendants do not contend that Plaintiff's § 1983 or state law claim of malicious prosecution has prescribed. They address these claims under the *Heck* Doctrine.

## 2.    *The Heck Defense*

Defendants also contend that Plaintiff's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). As a preliminary matter, a § 1983 claim is barred if it improperly challenges convictions that arise from the same facts used as the basis for the § 1983 claim. In *Heck*, the Supreme Court of the United States precluded a plaintiff's ability to bring a § 1983 claim and held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id. at 486–87*. Based on this rule from *Heck*, Plaintiff cannot bring his claims under § 1983 if a successful claim would imply the invalidity of his conviction.

As to Plaintiff's state law claims, Louisiana follows the rule from *Heck* and bars the state law claims if the claims challenge the validity of the underlying criminal conviction. *Anderson v. City of Minden*, 2009 WL 1374122, at *5–*6 (W.D.La. May 15, 2009) (citing *Roberson v. Town of Pollock*, 915 So.2d 426, 433–34 (La.App. 3d Cir.2005) (citing Louisiana appellate decisions applying the *Heck* standard to state law civil actions and precluding such action if it would invalidate a criminal conviction)). Thus, "*Roberson*, along with the other Louisiana appellate decisions cited in the opinion, supports the conclusion that Louisiana courts apply the legal principle set forth in *Heck*, that is, a plaintiff cannot bring a claim in a civil action if prevailing on that claim would imply that her underlying conviction was invalid." *Anderson*, 2009 WL 1374122, at *6.

As indicated above, Plaintiff pled *nolo contendere* to the crime of Simple Battery, in exchange for dismissal of the other two charges and dismissal of the claims against his co-defendant. *R. 5-4.* "A judgment entered on a plea of *nolo contendere* adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial." *United States v. Williams*,

642 F.2d 136, 138 (5th Cir.1981). In a *Heck* analysis, the *nolo contendere* plea is not being used as an admission of guilt; rather, the *nolo contendere* plea is considered to determine whether the plaintiff's claim impacts the validity of a prior conviction arising from the same set of factual circumstances. *Wallace v. Lee*, 2002 WL 31175219, at *4 (E.D.La. 2002).

Defendants represent, and neither the complaint nor Plaintiff contradicts, that Plaintiff's *nolo contendere* plea resulted in a conviction which has not been reversed or overturned on appeal or habeas petition. *R. 5, p. 7.* Hence, Defendants contend that Plaintiff's claims of false arrest, false imprisonment and malicious prosecution under Section 1983, as well as his Louisiana state law claims, are barred by *Heck* and its progeny. The Court will address the application of the *Heck* doctrine to Plaintiff's § 1983 claims initially.

### a. *Plaintiff's § 1983 Claims*

#### i. *Fourth Amendment Claims of False Arrest, False Imprisonment and Malicious Prosecution*

Plaintiff pled and was convicted of Simple Battery, one of three charges stemming from his arrest. Based on his negotiated plea of *nolo contendere* to the Simple Battery charge, the charges of Aggravated Assault and Possession of a Firearm by Convicted Felon were dismissed along with all charges against Plaintiff's co-defendant. Pursuant to Section 1983, Plaintiff asserts claims for false arrest, false imprisonment and malicious prosecution. He alleges he was falsely arrested and

confined because the arrest was "warrantless," based on "unrelated warrants" and "devoid of any evidence that Plaintiff was ever in possession of a firearm." He further alleges that Defendants acted on "a hunch," without evidence, "with the goal of implicating him in the firearm charge."

The right to be free from false arrest is protected under the Fourth Amendment. *Eugene v. Alief Indep. Sch. Dist*., 65 F.3d 1299, 1305 (5th Cir. 1995). To prevail on a false arrest claim a plaintiff must show there was no probable cause for the arrest. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir.2009). Thus, in order to prevail on his Fourth Amendment claims, Plaintiff must show that his arrest stemming from the Simple Battery charge was without probable cause.

"False-arrest and malicious-prosecution claims—as attacks on probable cause—'focus on the validity of the arrest.' Thus, '[i]f there was probable cause for any of the charges made ... then the arrest was supported by probable cause,' and *Heck* applies." *Cormier v. Lafayette City-Parish Consol. Government*, 493 Fed.Appx. 578, 583 (5th Cir. 2012) *quoting Wells v. Bonner*, 45 F.3d 90, 94–96 (5th Cir.1995). Allowing Plaintiff to proceed with his false arrest and false imprisonment claims as well as his malicious prosecution claim would necessarily require the court to re-evaluate the lawfulness of his arrest and criminal conviction because proof of his claims would require proving that he was unlawfully arrested without probable cause. These claims should be dismissed.

### ii.    *Fourteenth Amendment Claim*

While Plaintiff fails to make any specific allegations related to his Fourteenth Amendment claim, it appears that his allegations related to the firearm charge indicate a claim of malicious prosecution in violation of his Fourteenth Amendment rights.  The Fifth Circuit "has held that the federal Constitution does not include a "freestanding" right to be free from malicious prosecution." *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) (citing *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003)). In *Castellano*, the Fifth Circuit recognized that § 1983 claims "must rest upon the denial of rights secured under federal and not state law." *Castellano*, 352 F.3d at 942.

In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court held that there was no Fourteenth Amendment "liberty interest" or substantive due process right to be free from criminal prosecution unsupported by probable cause. *Id*. at 270–71; *Castellano v. Fragozo*, 352 F.3d 939, 946 (5th Cir. 2003). Rather, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process" must be the guide for analyzing these claims.'" *Albright* at 273. The *Albright* Court held that the plaintiff's

claims based on prosecution without probable cause were best analyzed under the Fourth Amendment, as the "Framers [of the Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id.* at 274; *see also Minnieweather v. Carroll*, 1995 WL 314383, at *2 (5th Cir. 1995).

Here, all of Plaintiff's claims against Defendants relate to his arrest allegedly based on charges without probable cause. Based on the foregoing jurisprudence, these allegations are properly analyzed under the Fourth Amendment rather than under the heading of the Fourteenth Amendment's substantive due process. Just as Plaintiff's false arrest and false imprisonment claims are barred by *Heck*, the Court finds that Plaintiff's malicious prosecution claim under § 1983 is barred by *Heck*.

### iii.    *Fifth, Eighth, and Ninth Amendment Claims*

Under the factual background provided in the foregoing, Plaintiff also alleges the deprivation of rights protected by the Fifth, Eighth, and Ninth Amendments under Section 1983. Defendants argue that the Court should dismiss Plaintiff's claims arising under the Fifth, Eighth, and Ninth Amendments because Plaintiff complaint fails to articulate any facts whatsoever as to how these rights were violated. The Court agrees.

The Fifth Circuit has held that "the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government

as in the present case." *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Jackson v. Ferretis*, at *2 (S.D.Tex., 2017). Therefore, Plaintiff's claims under the Fifth Amendment against Chief Aguillard in his official capacity or Officers Bayard and Cormier in both their official and individual capacities, have no merit.

The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as Plaintiff. *Morin*, 77 F.3d at 120. As a pretrial detainee, a suspect's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because a pretrial detainee has not yet been convicted of the crime with which he has been charged, a pretrial detainee has a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Morin*, 77 F.3d at 120.

Plaintiff also alleges that his Ninth Amendment rights were violated. The Ninth Amendment states "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Plaintiff cannot state a claim for relief under the Ninth Amendment because it "does not confer substantive rights upon which civil rights claims may be based." *Johnson v. Texas Bd. of Criminal Justice*, 281 Fed.Appx. 319,

320, 2008 WL 2337324, *1 (5th Cir. 2008); *Richardson v. Sewerage & Water Bd.*, 1996 WL 288275, at *2 (E.D. La. May 30, 1996).

Plaintiff contends if the Court finds these claims deficient, he should be allowed to amend his complaint. [L]eave to amend need not be granted when it would be futile to do so. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Based on the foregoing, any Fifth, Eighth or Ninth Amendment claims under the facts of this case would not be plausible. Accordingly, Plaintiff's Section 1983 claims for violations under the Fifth, Eighth and Ninth Amendments should be dismissed as futile.

### 3.    *Failure to State a Claim*

#### *a. Official Capacity Claims against Officers Bayard and Cormier*

Plaintiff asserted official capacity claims against Officers Bayard and Cormier in their "official capacities as Police Officers of the Lafayette Police Department" and named the LPD and Lafayette police Chief Aguillard. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents." *Deshotels v. Village of Pine Prairie*, 2012 WL 1712358, at *4

(W.D.La. 2012). Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (W.D.La. 2012) *citing Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001).

In keeping with this principle, the Court finds that Plaintiff's § 1983 claims against the individual defendants in their official capacities are redundant of the claims asserted against the LPD[4] and Chief Aguillard. Consequently, the claims against Officers Bayard and Cormier in their official capacities should be dismissed.

### b. *Monell Claim*

Plaintiff alleges that Chief Aguillard "enjoys formal authority and control over the conduct of the defendant officers here;" is a "policy-maker with respect to the official *modus operandi* of the LPD, including the specific conduct complained of herein;" that Chief Aguillard failed "to adequately supervise" the officers' investigation into the incident; failed "to establish and/or maintain policies,

---

[4] As previously noted, because the LPD is not a juridical person which can be sued, this Court has recommended that the LPD be dismissed.

procedures, training and/or supervision of his officers;" failed "to promulgate proper policies and procedures" to ensure that LPD employees "adhere to proper standards;" and violated "policies and/or procedures and/or general orders applicable under the circumstances." *R. 1, ¶¶12, 13, and 32*.

A claim of municipal liability under Section 1983 requires proof of three elements: (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the alleged violation of a constitutional right. *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017). "Official municipal policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the under-lying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) *quoting Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). To plausibly "plead a practice so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury." *Pena,* at 622.

Here, the only incident alleged is the one at issue. He does not provide any specific facts to establish such a policy, custom or practice which might establish liability against Chief Aguillard.

*Monell* liability can only be established against a municipality, in this case LPD or Chief Aguillard, if the plaintiff can demonstrate an official policy or custom of which a policymaker can be charged with actual or constructive knowledge, and a constitutional violation whose "moving force" is that policy or custom.[5] *Valle v. City of Hous.*, 613 F.3d 536, 541–42 (5th Cir.2010). Plaintiff cannot establish *Monell* liability because he presents no evidence that either LPD or Chief Aguillard instituted a policy of unlawfully arresting individuals.

Further, supervisory liability claims against a government entity, such as Chief Aguillard, under *Monell,* require an underlying constitutional violation by an individual and, where the underlying violation is barred by *Heck*, as in this case, it cannot form the basis for a derivative *Monell* claim against the entity. *Williams v. Town of Delhi*,   2015 WL 868746, at *7 (W.D. La. Feb. 27, 2015) *citing Deleon,* 488 F.3d 649 (barring claims against individual officer and municipality pursuant to *Heck*). As Plaintiff's *Monell* claims question the validity of his state court conviction

---

[5]  Plaintiff also names the Lafayette Police Department ("LPD") in his *Monell claim*. The Court has, however, determined that the LPD is not a juridical person and therefore cannot be sued. [Rec. Doc. 6]. Nonetheless, the Court will include the LPD in this ruling to avoid any confusion that any *Monell* claim against it should otherwise be dismissed.

they are barred under *Heck*. Therefore, Plaintiff's claims against Chief Aguillard and LPD should be dismissed.

### c. *Individual Claims Against Chief Aguillard*

Plaintiff alleges that Chief Aguillard violated his Constitutional rights by failing to train and supervise the officers involved in his arrest." For liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective. As stated above, Plaintiff's complaint provides only broad general statements that Chief Aguillard failed to train and supervise the officers. It is devoid of any allegations of how Chief Aguillard failed to train and supervise. Moreover, Plaintiff fails to allege any additional accusations against Chief Aguillard to establish liability against him in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). In addition, it is well-settled that supervisory officers cannot be held liable under §1983 for the actions of subordinates on a theory of vicarious liability. *See Monell*, 436 U.S. at 691-95.

Moreover, a supervising officer may be personally liable under §1983 only if: (1) he was personally involved in an act causing the deprivation of constitutional rights; or (2) his action or inaction, such as insufficient training or supervision, is connected to the alleged constitutional violation. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir.1996). There are no allegations that Chief Aguillard was personally involved in the incident

**4.    State Law Claims**

As to Plaintiff's state law claims, Defendants' argue that they must be dismissed all or in part pursuant to the *Heck* doctrine, prescription and failure to state a claim. The Court will address Defendants' arguments as follows.

**a.  False Arrest, False Imprisonment, Malicious Prosecution**

Plaintiff also alleges state law claims for false arrest, false imprisonment and malicious prosecution. These claims challenge the validity of Plaintiff's underlying conviction for Simple Battery. Plaintiff cannot show his arrest was unlawful without challenging the validity of his conviction.  As provided in the foregoing discussion, Plaintiff's state law claims must be dismissed under the *Heck* doctrine.

Plaintiff's false arrest and imprisonment claims should be dismissed because they are prescribed as this action was filed well beyond the expiration of the

applicable one-year period of limitations. *See* La.Civ.Code Ann. Art 3492; *Hatten v. Busbice*, 2013 WL 4648332, at *2 (W.D. La. 2013).

Plaintiff's state law malicious prosecution claim likewise fails. Under Louisiana law, the elements of a malicious prosecution action are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) *citing Jones v. Soileau*, 448 So.2d 1268, 1271 (La.1984). Here, the underlying criminal proceeding was not terminated in Plaintiff's favor, as he pled no contest to and was convicted of Simple Battery. "Obviously, a conviction is not a termination favorable to the accused. Even a dismissal pursuant to a compromise is not." *Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir. 1993).

### b. Vicarious Liability

Plaintiff alleges that Chief Aguillard "is liable for the acts and omissions under the doctrine of *respondeat superior."* Under La. Civ.Code Ann. art. 2320, "an employer is subject to vicarious liability for the tortious conduct of his employee, irrespective of his title, while acting within the course and scope of employment."

*Brasseaux v. Town of Mamou*, 752 So.2d 815, 821 (La.2000). Governmental entities "do not enjoy special protection from vicarious liability under Louisiana law and are subject to *respondeat superior* like every other employer." *Deville*, 567 F.3d at 173; see also *Bussey v. Dillard Dept. Stores, Inc*., 984 So.2d 781, 784 (La.App. 1st Cir.2008) ("[V]icarious liability [under article 2320] applies to law enforcement employers as well."). Again, however, the *Heck* principle also applies to state law claims. *Williams*, 2015 WL 868746, at *9. As the Court has found that *Heck* precludes Plaintiff's claims related to the arrest, Chief Aguillard cannot be vicariously liable for any alleged unlawful arrest.

### 5.    *Punitive Damages Claims*

Defendants argue that the punitive damages claims asserted against them should be dismissed because the plaintiff in a § 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities. They also argue that because there is no statutory basis for the imposition of punitive damages with regard to Plaintiff's state-law claims those claims must also be dismissed. The Court agrees.

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 270-71 (1981). "It is well settled

that municipalities are not subject to the imposition of punitive damages under Section 1983." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) *citing Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119, 120 (2003). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell*, 2012 WL 3962387, at *4 *citing Monell*.

As Plaintiff is barred from recovering punitive damages against a defendant acting in his official capacity, this Court finds that Plaintiff does not have valid claims for punitive damages against police Chief Aguillard in his official capacity, or against Officers Bayard and Cormier in their official capacities.

Punitive damages may, however, be recoverable against municipal employees who are sued in their individual capacities under § 1983. This Court has determined that the § 1983 claims against Officers Bayard and Cormier are either barred by prescription or under *Heck*. As to Chief Aguillard, there are no allegations that he was personally involved in the incident or that he acted in any way to violate Plaintiff's constitutional rights. Accordingly, Plaintiff has no punitive damage claims against these defendants in their individual capacities.

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence

of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). Plaintiff did not identify any statutory provision that allows the recovery of punitive damages for the state-law claims asserted against Defendants in this lawsuit.

Accordingly, Defendants' motion to dismiss should be granted with regard to Plaintiff's claims for punitive damages.

## III. CONCLUSION

Based on the foregoing,

IT IS RECOMMENDED that the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendants, Chief Toby Aguillard, individually and in his official capacity as chief of police of Lafayette City-Parish Consolidated Government ("LCG"), Officer Nick Bayard, individually and in his official capacity as a police officer for LCG, and Corporal Chris Cormier, individually and in his official capacity as a police officer for LCG [Rec. Doc. 5] be GRANTED and Plaintiff's claims under 42 U.S.C. § 1983 as well as his state law claims should be dismissed with prejudice as either barred under *Heck v. Humphrey* and/or prescribed and/or for failure to state a claim pursuant to Rule 12(b)(6).

IT IS FURTHER RECOMMENDED that the unopposed Motion To Dismiss Penalty, Punitive, or Exemplary Damages [Rec. Doc. 7] be GRANTED and Plaintiff's claims for punitive damages be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 11th day of July, 2018 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE